IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BETTY DOWDY HAMBY                                                    PLAINTIFF

v.                                  NO. 3:07CV00112 HDY

MICHAEL J. ASTRUE,                                                   DEFENDANT
Commissioner of the Social
Security Administration

### MEMORANDUM OPINION AND ORDER

BACKGROUND.  The record reflects that in September of 2004, plaintiff Betty Dowdy Hamby ("Hamby") filed applications for disability insurance benefits and supplemental security income benefits pursuant to the provisions of the Social Security Act ("Act").  Her applications were denied initially and upon reconsideration.  She next requested, and received, a de novo administrative hearing before an Administrative Law Judge ("ALJ").  In February of 2007, the ALJ issued a ruling adverse to Hamby.  She appealed the ruling to the Appeals Council where the decision of the ALJ was affirmed. The decision of the ALJ therefore became the final decision of the Commissioner of the Social Security Administration ("Commissioner").  In August of 2007, Hamby commenced the proceeding at bar in which she challenged the final decision of the Commissioner.

STANDARD OF REVIEW. The sole inquiry for the Court is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. See Prosch v. Apfel, 201 F.3d 1010 (8th Cir. 2000). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusions." See Id. at 1012.

THE COMMISSIONER'S FINDINGS. The record reflects that the Commissioner made his findings pursuant to the five step sequential evaluation process. At step one, he found that Hamby has not engaged in substantial gainful activity since the alleged onset date. At step two, he found that she has the following severe impairments: "osteoarthritis of the knees and lumbar degenerative disc disease." See Transcript at 15. At step three, he found that she does not have an impairment or impairments listed in, or medically equal to one listed in, the regulations. He then assessed her residual functional capacity and found it to be as follows:

> ... [Hamby] has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently. She can stand and walk for 6 of 8 hours in a work day. She can sit for 2 of 8 hours in a work day. She needs to be able to change position as needed. She can push or pull 20 pounds occasionally and 10 pounds frequently.

See Transcript at 16-17.[1] With regard to Hamby's subjective complaints, the Commissioner found as follows:

---

[1] In assessing Hamby's residual functional capacity, the Commissioner also considered her obesity.

[Hamby] has made a number of subjective allegations and complaints which must be evaluated utilizing the criteria set out in 20 CFR 404.1529 and 416.929, Social Security Ruling 96-7P, the case of Polaski v. Heckler, 751 F.2d 943 (8th Cir. 1984) ..., and other relevant authority. ...

The first factor relates to the nature, location, onset, duration, frequency, radiation and intensity of [Hamby's] pain. [She] has more pain the longer she stands. She has pain in her hand. Her feet and back hurt often.

Secondly, a consideration of precipitating and aggravating factors for pain (e.g., movement, activity, and environmental conditions) is required. [Hamby's] pain is worse when she stands or walks for long periods. She has arthritis pain all over and her feet swell.

The next factor involves a discussion of the type, dosage, effectiveness, and any alleged adverse side effects of pain medication. [Hamby] reported that she uses Tylenol for pain while working. She did not indicate any adverse reactions to medication.

Any treatment for pain other than medication must next be evaluated. [Hamby] wears splints on her wrists sometimes for carpal tunnel syndrome. She uses a cane when her back "acts up."

A consideration of [Hamby's] alleged functional restrictions relating to pain or other subjective factors must also be considered. [She] continues to work on a part-time basis but takes breaks every 2 to 3 hours. She sits down for about 10 minutes on her breaks.

Finally, any restrictions in [Hamby's] activities of daily living due to pain or other subjective factors must be evaluated. [She] is unable to stand and walk for long periods of time. She needs to be able to change from sitting to standing as needed.

The [Commissioner] has considered the medical evidence, [Hamby's] testimony and the above-enumerated factors. The appearance and demeanor of [Hamby] has also been considered. After a review of the entire record, it is found that any pain and discomfort suffered by [her] would not preclude the performance of a range of light exertional work.

> After considering the evidence of record, the [Commissioner] finds that [Hamby's] medically determinable impairments could reasonably be expected to produce the allege symptoms, but that [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

See Transcript at 17-18. The Commissioner also considered Hamby's part-time work as a motel maid in assessing her residual functional capacity. With regard to her part-time work, he found as follows:

> [Hamby's] current work and work schedule are indications that [she] could work on a full-time basis. She testified that currently she does not lift more than 10 pounds at work and she works alternatively taking breaks to accommodate her condition. She testified that at times she has worked as much as 60 hours in two weeks, indicating a significant amount of work activity, even if not considered substantial gainful activity. There is no indication that [she] could not work 80 hours in two weeks, if the work was available to her. The residual functional capacity given herein is actually more restrictive than her current working conditions, and if she can continue to work as a motel maid on an almost full-time basis, she can work at sedentary sit/stand positions.

See Transcript at 18. At step four, the Commissioner found that Hamby does not retain sufficient residual functional capacity to perform her past relevant work. At step five, he solicited the testimony of a vocational expert who testified that a hypothetical individual of Hamby's age, education, work experience, and residual functional capacity can perform other jobs that exist in the local, regional, or national economy. On the basis of the vocational expert's testimony, the Commissioner found that Hamby can perform other jobs and is therefore not disabled within the meaning of the Act.

HAMBY'S ASSERTIONS.  Are the Commissioner's findings supported by substantial evidence on the record as a whole?  Hamby thinks not and advances the following three reasons why: (1) the Commissioner "improperly relied on Hamby's part-time work since December 2005 to find at step five ... that she is capable [of] performing full-time work," see Document 10 at 11; (2) the Commissioner's assessment of Hamby's residual functional capacity is not supported by the medical evidence; and (3) the Commissioner failed to properly assess Hamby's subjective complaints.

HAMBY'S PART-TIME WORK.  Hamby maintains that the Commissioner improperly relied upon her part-time work to find at step five that she is capable of performing full-time work.  She specifically maintains the following:

> ... the [Commissioner] found that "[Hamby's] current work and work schedule are indications that [she] could work on a full-time basis." ... This is inconsistent with the position that the Commissioner has taken before the Eighth Circuit that an ability to do part-time work does not preclude a finding of disability at step five; only an ability on the part of the claimant to do full-time work will permit the [Commissioner] to render a decision of not disabled.  See Bladow v. Apfel, 205 F.3d 356, 359-60 (8th Cir. 2000) citing Kelley v. Apfel, 185 F.3d 1211 (8th Cir. 1999) (per curiam)). The Eighth Circuit explained in Bladow that the Commissioner interprets Social Security Ruling 96-8p to require at step five the ability to work on a "regular and continuing basis," which means "8 hours a day, for 5 days a week, or an equivalent work schedule."  Id. at 359 ...  The court further noted that the Commissioner argued in Kelley "that unlike steps one and four where an ability to perform part-time work could prevent a finding of disability, SSR 96-8p barred part-time work from entering into the equation at step five."  Id. at 359 n.6.  But that's exactly what happened here–the [Commissioner] relied on Hamby's part-time work to find that she has the [residual functional capacity] for full-time work at the light level with a sit/stand option.  [Footnote omitted].

See Document 10 at 12. Having thoroughly reviewed the record in this proceeding, the Court is not convinced that the Commissioner improperly relied upon Hamby's part-time work.

It is clear that a claimant's part-time work may be considered by the Commissioner. It is not clear, however, at which steps in the sequential evaluation process the claimant's part-time work may be considered. It appears to be undisputed that a claimant's part-time work may be considered at step one, a step at which the Commissioner is called upon to determine whether the claimant is engaged in substantial gainful activity. See Kelley v. Apfel, 185 F.3d 1211 (11th Cir. 1999). It is the subject of some confusion, though, the extent to which a claimant's part-time work may be considered at steps four and/or five, steps at which the Commissioner is called upon to determine whether the claimant can perform his past relevant work and, if not, whether the claimant can perform other jobs that exist in significant numbers. See Id.; Bladow v. Apfel, 205 F.3d 356, 359 n.6 (8th Cir. 2000).[2] Notwithstanding that confusion, the Commissioner's position has apparently consistently been that "only an ability to do full-time work will permit ... a decision of not disabled." See Kelley v. Apfel, 185 F.3d at 1214.

---

[2] The Court of Appeals in Bladow characterized the Commissioner's argument in Kelley in the following manner: "The [Commissioner] argued that unlike steps one and four where an ability to perform part-time work could prevent a finding of disability, SSR 96-8p barred part-time work from entering into the equation at step five." See Id.

In this instance, the Commissioner did not consider Hamby's part-time work at step five but instead appears to have considered her part-time work as one component in assessing her residual functional capacity.³ He found that her part-time work, while not the determining factor, was consistent with other evidence indicating a residual functional capacity to perform light work with an allowance for a walk/stand or sit option. That finding is supported by substantial evidence on the record as a whole. The Commissioner's finding is consistent with the medical findings of Dr. Sudhir Kumar ("Kumar") who found that Hamby has "moderate limitations in her ability to walk [and] stand, sit for long periods, [and] lift and carry objects because of back pain." See Transcript at 180. Although she testified that she has to be "up and down" in order to work, see Transcript at 291, the Commissioner made an allowance for that need by finding the following: "She needs to be able to change position[s] as needed." See Transcript at 17. Thus, there is no merit to her claim.⁴

---

³

A claimant's residual functional capacity is simply an assessment of "the most a person can do despite that person's limitations." See Brown v. Barnhart, 390 F.3d 535, 538-39 (8th Cir. 2004) [citing 20 C.F.R. 404.1545(a)(1)]. The assessment is made using all of the relevant evidence in the record and must be supported by "medical evidence that addresses [the person's] ability to function in the workplace." See Id. at 539 [citing Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003)].

⁴

One additional note is in order. The Commissioner found that "[t]he residual functional capacity given herein is actually more restrictive than [Hamby's] current working conditions ..." See Transcript at 18. Hamby maintains, however, that his finding is "plainly false." See Document 10 at 12. She specifically maintains that light work involves an ability to lift no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. See Document 10 at 12, note 3. She testified, however, that she does not lift more than ten pounds at a time at her part-time job. She is correct. His finding as to her residual functional capacity is not more restrictive than her part-time work. Nevertheless, his off-hand, though erroneous, statement does not warrant any relief.

HAMBY'S RESIDUAL FUNCTIONAL CAPACITY.  Hamby next maintains that the Commissioner's assessment of her residual functional capacity is not supported by the medical evidence.  She specifically maintains the following:

> Dr. Kumar diagnosed Hamby as suffering from degenerative disc disease of the cervical and lumbar spine with chronic back pain, SVT, hearing loss, and a speech impairment.  He went on the state that "[Hamby] has moderate limitations in her ability to walk [and] stand." ... By contrast, the [Commissioner] found that Hamby can stand and walk for six hours in an eight-hour workday.  The only significant physical limitation the [Commissioner] placed on Hamby's ability to stand and walk is that she would need to be able to sit or stand/walk as needed.  There is no medical evidence in the record which contradicts Dr. Kumar's opinion regarding Hamby's work restrictions.  In Lauer v. Apfel, 245 F.3d 700, 704-05 (8th Cir. 2001), the Eight Circuit made it clear that while [the Commissioner] is not limited to considering medical evidence in evaluating a claimant's residual functional capacity, there must be "some medical evidence" that supports the [Commissioner's residual functional capacity] assessment before the [Commissioner's] decision can be affirmed.  [Citation omitted].  In this case, there is none. ...

See Document 10 at 13.  The Court cannot agree.

The Court stated in footnote three, and it bears repeating here, that a claimant's residual functional capacity is simply an assessment of "the most a person can do despite that person's limitations."  See Brown v. Barnhart, 390 F.3d 535, 538-39 (8th Cir. 2004) [citing 20 C.F.R. 404.1545(a)(1)].  The assessment is made using all of the relevant evidence in the record and must be supported by "medical evidence that addresses [the person's] ability to function in the workplace."  See Id. at 539 [citing Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003)].

In this instance, Kumar found that Hamby has moderate limitations in her ability to walk and/or stand. In assessing her residual functional capacity, the Commissioner determined that Hamby can walk and/or stand for six hours in an eight hour workday, provided there is an allowance for a walk/stand or sit option. Are Kumar's finding and the Commissioner's finding consistent with one another? The Court acknowledges that there is a temptation to seek out a definition of "moderate" and apply that definition to the finding made by the Commissioner. The Court will resist that temptation, in part, because "'moderate' is <u>not</u> defined in the [Social Security] regulations ..." <u>See</u> <u>Stubbs v. Astrue</u>, 2008 WL 2224877 at 8 (E.D.La. 2008) [emphasis in original]. Instead, the Court finds that Hamby has failed to explain how the findings of Kumar and the Commissioner are inconsistent. The Court is satisfied that substantial evidence on the record as a whole supports the Commissioner's finding. There is no merit to her claim.

<u>HAMBY'S SUBJECTIVE COMPLAINTS</u>. Hamby last maintains that the Commissioner failed to properly assess her subjective complaints. She specifically maintains the following: "The [Commissioner] in the present case only <u>listed</u> the evidence relating to the <u>Polaski</u> factors-he did not discuss any specific discrepancies between Hamby's testimony and the record evidence." <u>See</u> Document 10 at 14 [emphasis in original].

In <u>Pearsall v. Massanari</u>, 274 F.3d 1211, 1217 (8th Cir. 2001), the United States Court of Appeals for the Eighth Circuit provided the following guidance in correctly evaluating a claimant's subjective allegations of disabling pain:

> It is the [Commissioner's] responsibility to determine a claimant's [residual functional capacity] based on all relevant evidence, including medical records, observations of treating physicians and others, and [the] claimant's own description of [her] limitations. [Citation omitted]. Before determining a claimant's [residual functional capacity], the [Commissioner] first must evaluate the claimant's credibility. In evaluating subjective complaints, the [Commissioner] must consider, in addition to objective medical evidence, any evidence relating to: a claimant's daily activities; duration, frequency and intensity of pain; dosage and effectiveness of medication; precipitating and aggravating factors; and functional restrictions. See Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984).

It is worth noting, though, that "[t]he [Commissioner] is not required to discuss each Polaski factor as long as the analytical framework is recognized and considered." See Tucker v. Barnhart, 363 F.3d 781 (8th Cir. 2004) [citing Brown v. Chater, 87 F.3d 963 (8th Cir. 1996)].

The Court has thoroughly examined the record in this proceeding and has liberally quoted the Commissioner's findings as to Hamby's subjective complaints. As that quotation reflects, he cited Polaski and engaged in a brief discussion of each Polaski factor. Admittedly, his treatment of each factor was not extensive, particularly his treatment of her daily activities. Nevertheless, the Court is satisfied that his treatment of the factors was adequate and is supported by substantial evidence on the record as a whole. The Commissioner made note of evidence in the record that related to each factor and why the evidence tended to lessen Hamby's credibility as to the severity of her subjective complaints. Thus, there is no merit to her claim.

CONCLUSION. Given the foregoing, the Court finds that substantial evidence on the record as a whole supports the Commissioner's findings. Specifically, the Commissioner did not improperly rely on Hamby's part-time work at step five, did not erroneously assess her residual functional capacity, and did not erroneously assess her subjective complaints. Her complaint is dismissed, and all requested relief is denied. Judgment will be entered for the Commissioner.

IT IS SO ORDERED this __9___ day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE